IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CORNELIUS R. MADDOX #233092 and
STANLEY FELTON #283330,

          Petitioners,

  v.

WILLIAM POLLARD, PETER ERICKSEN,
HEYLEY HERMANN, LT. SWIEKATOWSKI,
CAPT. MARK LESATZ, CAPT. BRANT,
LIZ LEMERY, KATHLEEN BIERKE, LT.
LAMBRECHT, MICHAEL MOHR, MATTHEW
FRANK, SANDRA HAUTAMAKI, MICHAEL
BAENEN, RICK RAEMISCH and approximately
three (3) JOHN DOES,

          Respondents.

ORDER

08-cv-227-slc

This is a joint action in which petitioners Maddox and Felton have filed a complaint alleging violations of their constitutional rights. In an order entered in this case on April 23, 2008, I informed petitioners about the potential hazards of litigating a group complaint as described in <u>Boriboune v. Berge</u>, 391 F.3d 852 (7th Cir. 2004), and directed each petitioner to advise the court no later than May 14, 2008, whether he wished to prosecute this action. In the same order, I gave petitioner Felton until May 14 to pay $12.17 as an initial partial payment of the $350 filing fee and petitioner Maddox until May14 to submit a trust fund account statement covering the period from January 23, 2008 to April 15, 2008 so that his initial partial payment could be assessed. Now petitioners have submitted letters to the court stating that each

wishes to prosecute this lawsuit jointly.  Also, petitioner Felton has made his $12.17 payment and petitioner Maddox has submitted the required trust fund account statement.

From petitioner Maddox's statement, I have calculated his initial partial payment to be $11.69.  If petitioner Maddox does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account.  This does not mean that petitioner Maddox is free to ask prison authorities to pay *all* of his filing fee from his release account.  The only amount he must pay at this time is the $11.69 initial partial payment.  Before prison officials take any portion of that amount from petitioner Maddox's release account, they may first take from his regular account whatever amount up to the full amount he owes.

With regard to future filings in this case, petitioners should be aware of the rules governing communications with the court and parties to the lawsuit.  Those rules are listed in a book titled "Federal Civil Judicial Procedure and Rules."  In particular, petitioners are directed to Rule 5, which requires that every piece of paper in connection with a lawsuit be served on each party, and Rule 11, which requires a signature on every pleading, written motion and other paper.  Each petitioner is equally responsible for the prosecution of this lawsuit.  Any document that purports to state the position of both petitioners must be *signed* by both petitioners.  If a petitioner intends to file a document on his behalf only, that petitioner must provide a copy of the document to the other petitioner and indicate that he has served all parties in the case, or his filing will not be considered.

ORDER

IT IS ORDERED that petitioner Maddox is assessed $11.69 as an initial partial payment of the $350 fee for filing this case.  He is to submit a check or money order made payable to the clerk of court in the amount of $11.69 on or before June 5, 2008.  If, by June 5, 2008, petitioner Maddox fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily.  In that event, petitioner Maddox will be dismissed from this case without prejudice to his filing his case at a later date.

Entered this 16th day of May, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge